Jose E. Perez, Esq.
Smith, Sovik, Kendrick & Sugnet, P.C.
250 S. Clinton Street, Suite 600
Syracuse, New York 13202
TEL: (315) 474-2911
FAX: (315) 474-6015
**Attorneys for Defendant**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AYYUB WAKIL,** | SUPERIOR COURT OF NEW JERSEY |
| | WARREN COUNTY LAW DIVISION |
| Plaintiff, | |
| | DOCKET NO: L-47-10 |
| v. | |
| | CIVIL ACTION NO: 3:10-cv-1032 (FLW/TJB) |
| **HOME DEPOT USA, INC.** | |
| | **ANSWER, AFFIRMATIVE DEFENSES,** |
| Defendant | **JURY DEMAND and DESIGNATION OF** |
| | **TRIAL COUNSEL** |

Defendant **HOME DEPOT USA, INC.,** by its attorneys, Smith, Sovik, Kendrick & Sugnet, P.C., answers the Complaint of plaintiff, Ayyub Wakil, as follows:

### FACTS

**A.   Jurisdiction and Venue**

1.   Answering paragraph "1" of the Complaint, defendant is without sufficient **KNOWLEDGE OR INFORMATION TO FORM A BELIEF** as to the allegations contained therein, and therefore **DENIES** same.

2.   Defendant **ADMITS** the allegations contained in paragraph "2" of plaintiff's Complaint.

**B.     Plaintiff's Employment**

3. Defendant **ADMITS** the allegations contained in paragraph "3" of plaintiff's Complaint.

4. Defendant **ADMITS** the allegations contained in paragraph "4" of plaintiff's Complaint.

**C.     The Hostile Work Environment**

5. Answering paragraph "5" of the Complaint, defendant is without sufficient **KNOWLEDGE OR INFORMATION TO FORM A BELIEF** as to the allegations contained therein, and therefore **DENIES** same.

6. Defendant **DENIES** each and every allegation contained in paragraph "6" of plaintiff's Complaint.

7. Defendant **DENIES** each and every allegation contained in paragraph "7" of plaintiff's Complaint.

8. Defendant **DENIES** each and every allegation contained in paragraph "8" of plaintiff's Complaint.

**D.     Defendant Discriminated Against Plaintiff Based On His Disability**

9. Answering paragraph "9" of the Complaint, defendant is without sufficient **KNOWLEDGE OR INFORMATION TO FORM A BELIEF** as to the allegations contained therein, and therefore **DENIES** same.

10. Defendant **DENIES** each and every allegation contained in paragraph "10" of plaintiff's Complaint.

11. Answering paragraph "11" of the Complaint, defendant is without sufficient **KNOWLEDGE OR INFORMATION TO FORM A BELIEF** as to the allegations contained therein, and therefore **DENIES** same.

12. Defendant **ADMITS** only that plaintiff reported for work on December 26, 2008, but failed to complete his shift. Except as specifically admitted, defendant **DENIES** the allegations contained in paragraph "12" of the Complaint.

13. Defendant **DENIES** the allegations contained in paragraph "13" of plaintiff's Complaint.

14. Defendant **DENIES** the allegations contained in paragraph "14" of plaintiff's Complaint.

15. Defendant **ADMITS** only that plaintiff was terminated on January 9, 2009, for failure to comply with defendant's Code of Conduct. Except as specifically admitted, defendant **DENIES** the allegations contained in paragraph "15" of the Complaint.

## COUNT I

### Hostile Work Environment Due To Race

16. Defendant realleges and reasserts its Affirmative Defenses and responses to plaintiff's Complaint contained in paragraphs 1 through 15 above as if fully and completely set forth verbatim herein.

17. Defendant **DENIES** the allegations contained in paragraph "17" of plaintiff's Complaint.

18. Defendant **DENIES** the allegations contained in paragraph "18" of plaintiff's Complaint.

19. The allegations contained in paragraph 19 of plaintiffs' Complaint consist of opinions and conclusions to which no response is required. If the allegations in paragraph 19 are to be construed to contain facts to which a responsive pleading is required, defendant **DENIES** the same.

20. Defendant **DENIES** the allegations contained in paragraph "20" of plaintiff's Complaint.

21. Defendant **DENIES** the allegations contained in paragraph "21" of plaintiff's Complaint.

22. Defendant **DENIES** the allegations contained in paragraph "22" of plaintiff's Complaint.

## COUNT II

### Hostile Work Environment Due To Religion

23. Defendant realleges and reasserts its Affirmative Defenses and responses to plaintiff's Complaint contained in paragraphs 1 through 22 above as if fully and completely set forth verbatim herein.

24. Defendant **DENIES** the allegations contained in paragraph "24" of plaintiff's Complaint.

25. Defendant **DENIES** the allegations contained in paragraph "25" of plaintiff's Complaint.

26. The allegations contained in paragraph 26 of plaintiffs' Complaint consist of opinions and conclusions to which no response is required. If the allegations in paragraph 26 are to be construed to contain facts to which a responsive pleading is required, defendant **DENIES** the same.

27. Defendant **DENIES** the allegations contained in paragraph "27" of plaintiff's Complaint.

28. Defendant **DENIES** the allegations contained in paragraph "28" of plaintiff's Complaint.

29. Defendant **DENIES** the allegations contained in paragraph "29" of plaintiff's Complaint.

## COUNT III

### Retaliation

30. Defendant realleges and reasserts its Affirmative Defenses and responses to plaintiff's Complaint contained in paragraphs 1 through 29 above as if fully and completely set forth verbatim herein.

31. Defendant **DENIES** the allegations contained in paragraph "31" of plaintiff's Complaint.

32. The allegations contained in paragraph 32 of plaintiffs' Complaint consist of opinions and conclusions to which no response is required. If the allegations in paragraph 32 are to be construed to contain facts to which a responsive pleading is required, defendant **DENIES** the same.

33. Defendant **DENIES** the allegations contained in paragraph "33" of plaintiff's Complaint.

34. Defendant **DENIES** the allegations contained in paragraph "34" of plaintiff's Complaint.

35. Defendant **DENIES** the allegations contained in paragraph "35" of plaintiff's Complaint.

36. Defendant **DENIES** the allegations contained in paragraph "36" of plaintiff's Complaint.

37. Defendant **DENIES** the allegations contained in paragraph "37" of plaintiff's Complaint.

38. Defendant **DENIES** each and every allegation contained in paragraph "38" of plaintiff's Complaint.

39. Defendant **DENIES** the allegations contained in paragraph "39" of plaintiff's Complaint.

## COUNT IV

### LAD – Disability Discrimination

40. Defendant realleges and reasserts its Affirmative Defenses and responses to plaintiff's Complaint contained in paragraphs 1 through 39 above as if fully and completely set forth verbatim herein.

41. Answering paragraph "41" of the Complaint, defendant is without sufficient **KNOWLEDGE OR INFORMATION TO FORM A BELIEF** as to the allegations contained therein, and therefore **DENIES** same.

42. Defendant **DENIES** the allegations contained in paragraph "42" of plaintiff's Complaint.

43. Defendant **DENIES** the allegations contained in paragraph "43" of plaintiff's Complaint.

44. Defendant **DENIES** the allegations contained in paragraph "44" of plaintiff's Complaint.

45. Defendant **DENIES** the allegations contained in paragraph "45" of plaintiff's Complaint.

46. Defendant **DENIES** the allegations contained in paragraph "46" of plaintiff's Complaint.

47. Defendant **DENIES** the allegations contained in paragraph "47" of plaintiff's Complaint.

48. Defendant **DENIES** the allegations contained in paragraph "48" of plaintiff's Complaint.

Responding to the WHEREFORE paragraph immediately following paragraph 48 of the Complaint, defendant **DENIES** each and every allegation contained therein and further **DENIES** that plaintiff is entitled to any relief whatsoever from defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be barred, in whole or in part, by the doctrines of consent, laches, unclean hands, license, justification, avoidable consequences, after-acquired evidence, waiver, estoppel, and/or setoff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that he failed to file his civil action within the applicable statute of limitations and/or to the extent he failed to satisfy any and all conditions

precedent and/or statutory prerequisites to bringing and maintaining his claims against Defendant under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.*, 42 U.S.C. Section 1981, or other applicable state or federal law. Plaintiff's claims are also barred to the extent he failed to file his civil action within ninety (90) days after the dismissal of his Human Rights/EEOC charge.

## FOURTH AFFIRMATIVE DEFENSE

Defendant did not have actual or constructive knowledge of any of the alleged discriminatory acts alleged in Plaintiff's Complaint at any time material to his Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Defendant did not have actual or constructive knowledge of any of the alleged acts of harassment and/or hostile work environment alleged in Plaintiff's Complaint at any time material to his Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Defendant denies every allegation, whether express or implied, that is not unequivocally and specifically admitted in the Answer.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief requested as he has failed to reasonably mitigate his damages as required by law.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent he failed to take advantage of the preventive or corrective opportunities provided by Defendant to avoid any consequences

alleged to have been caused by them or their employees and/or to avoid harm otherwise. Defendant exercised reasonable care to prevent and correct promptly any unlawfully harassing or discriminatory behavior, including but not limited to, the promulgation of a policy prohibiting such harassment and/or discrimination and encouraging employees to report any such conduct so that appropriate remedial and/or disciplinary action might be taken. Therefore, to the extent Plaintiff suffered any actionable harassment or discrimination, which he did not, he unreasonably failed to take advantage of these preventive or corrective opportunities or to avoid harm otherwise. Accordingly, to the extent he suffered any damages, which he did not, they were the direct and proximate result of his own actions or inaction.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be barred, in whole or in part, by Defendant having promptly, fully, and effectively remediated any and all conduct reported by Plaintiff as discriminatory.

### TENTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff were the direct and proximate result of his own actions or inactions.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any of the relief, equitable, declaratory, compensatory, special, or legal, requested against Defendant, especially, but not limited to, punitive or exemplary damages.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a causal connection between any damages as alleged and any improper conduct on the part of the Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any employment actions complained of were undertaken or made in good faith compliance with all federal and state laws. Defendant has not intentionally or willfully violated Plaintiff's rights in any manner or acted maliciously or with reckless indifference with respect to Plaintiff or any aspect of his employment. At no time has Defendant acted with any intent to injure Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

All decisions made with respect to Plaintiff and all actions taken with respect to Plaintiff's employment were made in good faith and were based on legitimate, non-discriminatory, and non-retaliatory reasons, and as such did not violate any legal rights possessed by Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care in the decisions they made in the hiring and/or termination of their employees.

### SIXTEENTH AFFIRMATIVE DEFENSE

Even if actions taken by Defendant were based on an unlawful consideration of Plaintiff's race, religion or alleged protected activity, which Defendant denies, Defendant would have made the same decision and/or taken the same action for legitimate, non-discriminatory, and non-retaliatory reasons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent any employee, manager, supervisor, director or officer of Defendant HOME DEPOT USA, INC., engaged in any unlawful conduct as alleged in the Complaint, such actions were outside the scope and course of their employment and were not in furtherance of Defendant HOME DEPOT USA, INC's business.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any discriminatory employment decisions by Defendant HOME DEPOT USA, INC's managerial agents, if there were any, which Defendant denies, were contrary to Defendant's good-faith efforts to comply with the New Jersey Law Against Discrimination and applicable federal laws.

## NINETEENTH AFFIRMATIVE DEFENSE

Any claim by Plaintiff for emotional, mental, and/or physical injuries are barred by the exclusivity provision of the New Jersey Workers' Compensation Act, N.J.S.A. 34:15-60.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant did not negligently, recklessly or intentionally engage in willful, deliberate, malicious or outrageous conduct toward Plaintiff nor did Defendant negligently or intentionally cause Plaintiff to suffer emotional distress, pain and suffering, and/or humiliation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Any alleged emotional distress, pain and suffering, physical ailments and/or humiliation claimed by Plaintiff was not so intense or of such duration that no ordinary person should be expected to endure it.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any emotional distress, pain and suffering, physical ailments and/or humiliation suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because plaintiff suffered no physical injuries as a result of any alleged conduct on the part of Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the statute of limitations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any employment decision by Defendant was based on factors other than plaintiff's race, religion or other alleged protected activity.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant hereby reserves the right to amend this Answer or add additional affirmative defenses, or to withdraw affirmative defenses, as may appear applicable during the course of this litigation.

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Defendant HOME DEPOT USA, INC., requests the Court enter an Order dismissing the Complaint in its entirety with prejudice, awarding Defendant its costs and expenses, including reasonable

attorney's fees, and awarding Defendant any other such relief as this Court deems just and proper.

DATED: March 3, 2010.

Smith, Sovik, Kendrick & Sugnet, P.C.

_____
Jose E. Perez, Esq. [NJ I.D. No. JP9553]
jperez@smithsovik.com
250 S. Clinton Street, Suite 600
Syracuse, New York 13202
Telephone: (315) 474-2911

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that pursuant to R. 4:25-4, Jose E. Perez, Esq. and Steven Ward Williams, Esq. are hereby designated as trial counsel in this matter.

## JURY DEMAND

Defendant demands a trial by jury on all issues not subject to the Court's equitable powers.

## CERTIFICATION

I certify that the matter in controversy is not the subject of any other action or arbitration proceeding now or contemplated, and that no other parties should be joined in this action (R. 4:5-1(b)(2).

DATED: March 3, 2010.          **Smith, Sovik, Kendrick & Sugnet, P.C.**

                               _____
                               Jose E. Perez, Esq. [NJ I.D. No. JP9553]
                               jperez@smithsovik.com
                               250 S. Clinton Street, Suite 600
                               Syracuse, New York 13202
                               Telephone: (315) 474-2911

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished via electronic mail this 3rd day of March, 2010 to:

>Thomas A. McKinney, Esq.
>tmckinney@candmlegal.com

DATED: March 3, 2010.

**Smith, Sovik, Kendrick & Sugnet, P.C.**

_____
Jose E. Perez, Esq. [NJ I.D. No. JP9553]
jperez@smithsovik.com
250 S. Clinton Street, Suite 600
Syracuse, New York 13202
Telephone: (315) 474-2911